Anita **MEYER**, Respondent,

v.

**BI–STATE DEVELOPMENT AGENCY**, Appellant.

No. 46398.

Missouri Court of Appeals, Eastern District, Division Three.

May 24, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Application to Transfer Denied Sept. 20, 1983.

Paul J. Passanante, St. Louis, for appellant.

Thomas J. Casey, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Anita Meyer, respondent herein, filed a lawsuit against Bi-State Development Agency, appellant herein, for damages for personal injuries sustained when she fell as she was getting off a Bi-State bus. The case was tried to a jury and a verdict was rendered in favor of appellant. The trial court granted a new trial because the contributory negligence instruction submitted was erroneous. We affirm.

On December 14, 1979, respondent was riding on appellant's bus with a friend, Cathy Fischer. As she alighted from the bus, Cathy noticed that the rear doors of the bus were not functioning properly, but she did not warn respondent who was preparing to exit at the same stop. Respondent could not grab the handles of the rear doors of the bus because she was carrying books, a grocery bag and a soda can, but she was able to open the rear doors by pushing on the door handles with her forearm. As she was stepping out of the bus, the doors suddenly closed on respondent's shoulder causing her to lose her balance and fall to the pavement. The fall resulted in a fracture to her left leg.

At trial, a contributory negligence instruction was given which read as follows:

Your verdict must be for defendant if you believe:

First, plaintiff failed *to hold* on to the handles of the bus door when she knew or should have known that it was necessary *to hold* on to said handles in order to prevent the bus doors from closing, and

Second, plaintiff was thereby negligent, and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained. (Emphasis added.)[1]

Although there was evidence that holding onto the pressure sensitive handles of the rear doors would prevent the doors from closing, there was also evidence that it was not necessary to hold onto them to keep the doors open and that the slightest pressure on the handles was sufficient. In fact, a sign was posted directly over the doors which cautioned. "Do not grab handle. Door automatically opens by touching handle when green light is on."

Respondent, Cathy Fischer, and appellant's bus driver testified that the handles on the rear doors of Bi-State buses were sensitized so that the slightest pressure applied to them would cause the doors to open and remain open until the pressure was released. The bus driver further explained that once the doors were open they would remain open for a sufficient period of time to allow a passenger to alight from the bus. Respondent's evidence was that although her forearm was touching the sensitized handles of the rear doors of the bus the doors closed on her in a forceful and unexpected manner. Since touching the door handles would have prevented them from closing had they been functioning properly, it was error to instruct the jury that respondent was negligent if she failed to hold onto them. This instruction allowed the jury to find that respondent was required to hold onto the handles to prevent the doors from closing. This finding is not supported by the evidence, and therefore the submission of the instruction allowing the finding was error warranting a new trial. *General Grocer Co. v. Ahlemeier,* 627 S.W.2d 61, 63 (Mo.App.1981).

The order of the trial court granting respondent a new trial is affirmed.

REINHARD and CRIST, JJ., concur.